UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP JACKSON, ) | |
| DEBORAH JACKSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-79-WTL-DML |
| ) | |
| BANK OF AMERICA CORPORATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. | |

**ENTRY REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE AND DEFENDANTS' MOTION TO DISMISS**

Now before the Court are the Defendants' motion to dismiss (dkt. no. 25)[1] and the Plaintiffs' motion for leave to file a response to the Defendants' motion (dkt. no. 27). The Court addresses each motion below, beginning with the Plaintiffs' motion for leave.

## I.   MOTION FOR LEAVE TO FILE RESPONSE

On June 7, 2012, the Defendants filed a motion to dismiss the Plaintiffs' complaint for failure to state a claim. The deadline for responding to the motion was June 25, 2012; no response was filed by the Plaintiffs. However, on July 13, 2012, the Plaintiffs filed a motion for leave to file a response.

As the Defendants point out, the Plaintiffs' motion itself is untimely. In fact, the Court has reminded the Plaintiffs of this before: "A motion seeking additional time to do something should be filed prior to expiration of the deadline." Dkt. No. 22 at 2. The Defendants therefore

---

[1] The Defendants' first Motion to Dismiss (dkt. no. 15) is **DENIED AS MOOT** in light of the amendment of the Plaintiffs' complaint.

urge the Court to deny the Plaintiffs' motion. However, as no prejudice will befall the Defendants, the Court finds that it is in the best interests of justice to allow the response to be filed. The Plaintiffs' motion is therefore **GRANTED.** The Plaintiffs' response (dkt. no. 27-1) is deemed filed as of the date of this Entry, and the Court has considered the arguments therein in making the instant ruling.

## II.     MOTION TO DISMISS

### A.     Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations.  However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

### B.     Background

The facts as alleged in the Plaintiff's amended complaint are as follow. On April 30, 2003, Plaintiffs Phillip and Deborah Jackson entered into a mortgage agreement with Defendant Countrywide Home Loans, doing business as America's Wholesale Lender, Inc. ("AWL").  The remaining Defendants – Bank of America Corporation, Countrywide Financial Corporation, FNMA Act/Act, Mortgage Electronic Registration Systems, and Midwest Financial & Mortgage Services, Inc. – were involved in the mortgage process in various capacities.

Plaintiffs assert that AWL improperly evaluated their ability to repay a loan because it used the Plaintiffs' base salaries, as opposed to net income, in evaluating the Plaintiffs' credit and the probability of repayment. The Plaintiffs assert that this miscalculation was negligent and resulted in the diminution of the Plaintiff's property.

Plaintiffs also assert that the mortgage process was substantively and procedurally unfair. According to the Plaintiffs, they "did not have the capacity to fully understand there was a poor underwriting evaluation, nor could they fully understand the consequences of entering into the note [sic] as in dealing with large corporations, they have little to no meaningful bargaining power in negotiating the terms of the mortgage." Am. Compl. at ¶ 27. As a result, the Plaintiffs assert, the mortgage contract is unconscionable.

Finally, the Plaintiffs bring this action to quiet title in the mortgaged property. Plaintiffs allege that they possess, and have a right to possess, the property. Furthermore, "one or more of the defendants has or may attempt to create a cloud on title, claiming an adverse interest to Plaintiff in the property via a lien based on the above mentioned mortgage." Am. Compl. at ¶ 36. Plaintiffs therefore request that the Court enter judgment against the Defendants, "clearing any potential cloud on title for the plaintiffs." Am. Compl. at 7, ¶ 2.

The Defendants have moved to dismiss the Plaintiffs' Complaint in its entirety. The Court addresses each claim below.

### C.  Discussion

#### 1.  Negligence

The Defendants argue that Count I of the Plaintiff's complaint for "negligence" should be dismissed because the Defendants owed no duty to the Plaintiffs. The Plaintiffs have alleged that the "Defendant has a duty to exercise reasonable care in evaluating a borrower's ability to make

repayment on a loan." Am. Compl. at ¶ 18. The Plaintiffs now clarify that this is a *fiduciary* duty. Resp. at ¶ 6; Memo at 4. However, Indiana law is clear that "[a] fiduciary relationship does not exist between a lender and a borrower unless certain facts exist which establish a relationship of trust and confidence between the two." *Sees v. Bank One, Indiana, N.A.*, 839 N.E.2d 154, 164 n.8 (Boehm, J., concurring and dissenting) (quoting *Block v. Lake Mortg. Co.*, 601 N.E.2d 449, 452 (Ind. App. 1992)). "[T]he mere existence of a relationship between parties of bank and customer or depositor does not create a special relationship of trust and confidence." *Sees*, 839 N.E.2d at 164 n.8 (Boehm, J., concurring and dissenting) (quoting *Huntington Mortg. Co. v. DeBrota*, 703 N.E.2d 160, 167 (Ind. App. 1998)). Here, the Plaintiffs have pled no facts indicative of such a special relationship of trust and confidence. In truth, the Plaintiffs have alleged no more than an arms-length business transaction; no fiduciary relationship can exist on those facts. In addition, the Plaintiffs have cited no other source of a duty on the part of the Defendants. For these reasons, the Plaintiffs' claim for negligence fails to state a claim on which relief can be granted.[2]

## 2. *Unconscionability*

In addition, the Plaintiffs assert that the mortgage contract must be set aside as unconscionable.

"[A] contract may be declared unenforceable due to unconscionability when there is a great disparity in bargaining power which leads the party with the lesser power to sign a contract unwillingly and unaware of its terms." *Pinnacle Computer Servs., Inc. v. Ameritech Publ'g, Inc.*, 642 N.E.2d 1011, 1017 (Ind. App. 1994). "In addition, the contract must be one that no sensible

---

[2] Because the duty inquiry is dispositive of this claim, the Court need not address the Defendants' alternative arguments regarding the statute of limitations and the economic loss doctrine.

person not under delusion, duress or in distress would make, and one that no honest and fair person would accept." *Id.*

Accordingly, the Plaintiffs argue that the mortgage transaction was both substantively and procedurally unfair because they did not have the knowledge required to independently evaluate whether the loan was in their best interests. In fact, the Plaintiffs contend that "no sensible party would have signed this agreement, had they fully understood that the consequences of poor underwriting evaluation would likely include the loss of their home." Am. Compl. at ¶ 26. In their brief, the Plaintiffs argue further that the infirmity is compounded by the "asymmetrical bargaining power" existing between the parties that "induced [the Plaintiffs] to enter an agreement that they are unable to complete." Pls.' Br. at 8.

While the Plaintiffs use the right words, their allegations fail to rise above a speculative level. The Plaintiffs make no assertions lending credence to the allegation that the mortgage process was unfair, as there is not so much as a hint that the Plaintiffs were *wrongfully* induced to enter into an agreement with the Defendants. Nothing in the Plaintiffs' Complaint suggests that the Plaintiffs were somehow forced to enter into the mortgage agreement against their will, nor is there any suggestion that the Plaintiffs were unaware of its terms, including the amount they were borrowing and the repayment terms. There is also little to support the Plaintiffs' bald assertion that they were trapped by asymmetrical bargaining power: the Plaintiffs were at all times free to obtain a loan from a different lender. The risk that a customer will give his or her business to a competitor provides power indeed. Furthermore, and quite frankly, the Plaintiffs' assertion that they were unable to understand that the consequences of borrowing more than they could afford could be the loss of their home is simply unbelievable. Accordingly, as the Court

finds the allegations do not rise to the level of plausibility, the Plaintiffs' claim regarding unconscionability fails.

### 3. Quiet Title

In Count II of their Complaint, the Plaintiffs assert a claim to "quiet title" under Indiana Code § 32-30-2-20. This section provides that "[a]n action to determine and quiet a question of title to property may be brought by a plaintiff who . . . is in possession of the property . . . against a defendant who claims title to or an interest in the real property with a claim adverse to the plaintiff."

Here, Plaintiffs allege that they possess, and have a right to possess, the property. Furthermore, "one or more of the defendants has or may attempt to create a cloud on title, claiming an adverse interest to Plaintiff in the property via a lien based on the above mentioned mortgage." Am. Compl. at ¶ 36. According to the Plaintiffs, the Defendants' claim is unfounded because the Defendants (1) "bifurcate[d] the mortgage and the note so that the mortgage could be pooled and used for Mortgage Back Securities"; and (2) cannot "produce the original and/or relevant documents necessary to sustain a foreclosure within the state of Indiana." Am. Compl. at ¶¶ 38-39.

Both of the Plaintiffs' theories relate to avoiding foreclosure; yet there is no indication that any of the Defendants have attempted to foreclose on the property. *See, e.g.*, *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 622 (4th Cir. 2011)(mortgagor attempted to prevent foreclosure by asserting that only original lender, not current note holder, had authority to foreclose on his home); *United States Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011) (affirming invalidation of two home foreclosures on ground that foreclosing lenders had failed to prove that they owned mortgages). Therefore, in this sense, the action is not yet ripe.

Furthermore, as the Plaintiffs have asserted no alternative theory by which the mortgagee's lien on the title should be extinguished, the Plaintiffs' claim must fail.

### III. CONCLUSION

For the reasons explained above, the Plaintiffs' motion for leave to file a response is **GRANTED** and the Clerk is directed to file the Plaintiffs' response (dkt. no. 27-1).

The Defendants' second Motion to Dismiss (dkt. no. 25) is **GRANTED** in its entirety. Because the Plaintiffs have already had the opportunity to amend their complaint in response to the Defendants' arguments, judgment will be entered at this time.

SO ORDERED: 09/13/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.